UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERSAI MANAGEMENT CORP. d/b/a　　　　　Case No. 08-15129
VERSAILLES ARMS APARTMENTS,
　　　　　　　　　　　　　　　　　　　　　HONORABLE SEAN F. COX
　　　　　　　　　Plaintiff,　　　　　　　　United States District Judge

v.

CITIZENS FIRST BANK, BANK OF
AMERICA, and CHASE MANHATTAN
BANK,

　　　　　　　　　Defendants.
_____/

## OPINION & ORDER GRANTING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT [Doc. No. 29]

　　　　Plaintiff Versai Management Corporation d/b/a Versailles Arms Apartments ("Versai") filed its Complaint [Doc. No. 1] in this action against the Defendants on December 12, 2008. The matter is currently before the Court on Versai's motion for summary judgment [Doc. No. 29]. The parties have fully briefed the issues, and the Court declines to hear oral argument pursuant to E.D. MICH. L.R. 7.1(f)(2). For the reasons that follow, the Court **GRANTS** Versai's motion [Doc. No. 29].

### BACKGROUND

　　　　The relevant facts surrounding this cause of action are not in dispute. Plaintiff Versai is a Louisiana corporation which, prior to August 29, 2005, operated an apartment complex called the Versailles Arms Apartments in New Orleans, Louisiana. The apartment complex consisted of fifty two-story, four unit buildings, along with five ancillary buildings with office space, a learning center, postal and laundry facilities, and maintenance quarters.

1

Hurricane Katrina made landfall east of New Orleans, Louisiana on August 29, 2005, causing extensive flood and wind damage to the entirety of the apartment complex. Insurers provided Versai with $13,411,288.00 of insurance at that time, split evenly between Clarendon Insurance Company ("Clarendon") and One Beacon Insurance Company ("One Beacon").

On November 22, 2005, Versai hired Recovery Management, Ltd. ("Recovery Management") to act as its "public adjuster,"[1] representing Versai in insurance claim proceedings related to the property damage done by Hurricane Katrina. On or about October 16, 2006, Versai paid Recovery Management a total of $211,100.00 for its services, representing payment in full under their agreement - in other words, Versai alleges that it does not currently owe Recovery Management any money for services rendered. [*See* Meyer Affidavit, Pl.'s Ex. A, Doc. No. 29]. Clarendon and One Beacon hired an insurance adjuster of their own - McLarens Young International ("McLarens Young") to work on the matter on their behalf.

On December 6, 2007, Clarendon issued a check in the amount of $255,498.00, drawn on an account with Chase Manhattan Bank ("the Clarendon Check"), made payable to Versai, First Trust Bank and Fannie Mae, and Recovery Management. McLarens Young forwarded the Clarendon Check directly to Recovery Management on December 11, 2007. [*See* Pl.'s Ex. C, Doc. No. 29].

On December 14, 2007, Mark Carrier ("Carrier"), the owner of Recovery Management, presented the Clarendon Check for deposit with Citizens First Bank ("Citizens First") into an account solely in the name of Recovery Management. The Defendants admit that the hand-

---

[1] Under Louisiana state law, "public adjusters" are individuals who, for compensation, investigate, appraise, or evaluate and report to an insured in relation to a first-party claim for which coverage is provided by an insurance contract that insures the property of the insured. *See* La.R.S. 22:1692(7), (8)(a).

2

written endorsements on the Clarendon Check for Versai, First Trust Bank and Fannie Mae were forged - presumably, for purposes of this motion, by Mr. Carrier.

On December 17, 2007, One Beacon issued a check in the amount of $255,498.00, drawn on an account with Bank of America ("the One Beacon Check"), made payable to Versai, First Trust Bank and Fannie Mae, and Recovery Management. McLarens Young forwarded the One Beacon Check directly to Recovery Management on December 20, 2007. [*See* Pl.'s Ex. E, Doc. No. 29].

On or about January 7, 2008, Mr. Carrier presented the One Beacon Check for deposit with Citizens First into an account solely in the name of Recovery Management. The Defendants admit that, as with the Clerendon Check, the hand-written endorsements on the One Beacon Check for Versai, First Trust Bank and Fannie Mae were forged.

On April 14, 2009, Versai obtained a judgment against Mr. Carrier, Recovery Management, and Eric Carrier in the amount of $10,088.295.24, which includes the amounts owed from both the Clerendon Check and the One Beacon Check. [*See* Pl.'s Ex. F, Doc. No. 29]. Mr. Carrier is currently facing criminal charges related to his alleged embezzlement of these monies in the Oakland County, Michigan, Circuit Court, with trial currently scheduled to begin on April 12, 2010. [*See* Def.'s Ex. F, Doc. No. 39].

Despite making a demand for payment on Chase Manhattan Bank, Bank of America, and Citizens First for repayment of these funds due to Citizens First's acceptance of the forged endorsements on the Clarendon and One Beacon Checks, Versai has not been able to receive the proceeds of those instruments from any source to date. [*See* Meyer Affidavit, Pl.'s Ex. A]. Versai filed this diversity lawsuit on December 12, 2008, alleging causes of action for payment

of the Clarendon and One Beacon Checks over fraudulent endorsements and for conversion under Michigan's enactment of the Uniform Commercial Code, M.C.L. § 440.3420.

Versai filed its motion for summary judgment [Doc. No. 29] on December 10, 2009, arguing that Citizens First, Chase Manhattan Bank and Bank of America are liable for the face value of the forged Clarendon and One Beacon Checks. The Defendants oppose Versai's motion [*See* Doc. No. 39].

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

## ANALYSIS

Versai argues that it is entitled to summary judgment on its claims against the Defendants. The Defendants concede that summary judgment as to their *liability* is proper, but argue that genuine issues of material fact remain regarding the *extent* of their liability to Versai. For the reasons that follow, the Court **GRANTS** Versai's motion [Doc. No. 29].

4

Pursuant to M.C.L. § 440.3110(4), an instrument made payable to two or more persons not alternatively, is payable to all of them, and may be assigned, discharged, or enforced only by all of them acting together. When the word "and" separates the names of two payees on an instrument, the instrument is payable jointly and not alternatively. *See* M.C.L. § 440.3110, Comment 4. In this case, because the Clarendon and One Beacon Checks were made payable to Versai, First Trust Bank, Fannie Mae, *and* Recovery Management, the endorsement of Recovery Management alone was not sufficient to permit the valid negotiation of the check on behalf of the other payees.

Under Michigan law, conversion is defined as a distinct act of dominion wrongfully exerted over another person's property. *Trial Clinic, P.C. v. Bloch*, 114 Mich. App. 700, 705 (1982). A check is considered the personal property of the designated payees. *Id*. Under M.C.L. § 440.3420(1), an instrument is converted if a bank "makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." Thus, a bank may be liable for conversion if it makes or obtains payment on a check that is payable to multiple payees, but only effectively endorsed by one of those payees. *See* M.C.L. § 440.3420(1), Comment 1.

Banks are liable for conversion, subject to certain, limited exceptions, where they accept checks with missing and/or forged endorsements. *See, e.g., Pamar Enterprises, Inc. v. Huntington Banks of Mich.*, 228 Mich. App. 727, 734 (1998) ("Payment of a check with a missing endorsement is the legal equivalent of payment over a forged endorsement"). "A conversion action may be brought by the intended payee against either the depository bank or the drawee bank." *Id*.

5

In this action, Chase Manhattan Bank, Bank of America, and Citizens First do not dispute that they are the drawee and depository banks, respectively, of the Clarendon and One Beacon Checks. Nor do the Defendants contest that, by accepting the forged Clarendon and One Beacon Checks, they are liable for conversion:

> Plaintiff denies endorsing either check and Defendants have no basis for questioning this denial. These facts are sufficient to establish conversion of these two checks within the meaning of Uniform Commercial Code § 3-420, MCL § 440.3420, and Plaintiff is entitled to partial summary [judgment] with regard to liability.

[Def.'s Br., Doc. No. 39, p.1]. Thus, absent a valid defense to the contrary, M.C.L. § 440.3420(2) would hold the defendants liable for "the amount[s] payable on the instrument[s]." Versai would also be entitled to pre-filing interest on the money converted. *See John Hancock Fin. Services, Inc. v. Old Kent Bank*, 185 F.Supp.2d 771, 780-81 (E.D. Mich. 2002).

Notwithstanding this presumption of liability, the Defendants raise three arguments why summary judgment on the *extent of Versai's damages*, at this stage in proceedings, would be improper: 1) the extent of Versai's comparative negligence, both under M.C.L. § 440.3406 and 2) under M.C.L. § 440.3405, cannot be determined at this time; and 3) genuine issues of material fact remain with respect to Versai's interest in the two checks. Ultimately, the Court finds merit in none of these arguments, and therefore **GRANTS** Versai's motion [Doc. No. 29].

    I.  <u>Versai's Alleged Comparative Negligence Under M.C.L. § 440.3406</u>.

The Defendants argue - on the facts of this case - that § 440.3406 requires this Court to apportion fault between the negligence of the Defendants *and the negligence of Versai*. [*See* Def.'s Br., Doc. No. 39, p.1]. The Court disagrees.

Under M.C.L. § 440.3406, "[a] person whose failure to exercise ordinary care

6

substantially contributes to an alteration of an instrument or to the making of a forged signature on an instrument is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument. . . ." M.C.L. § 440.3406(1). Further, "*if the person asserting the preclusion fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss, the loss is allocated between the person precluded and the person asserting the preclusion* according to the extent to which the failure of each to exercise ordinary care contributed to the loss." M.C.L. § 440.3406(2) (emphasis added).

Versai argues that the Defendants have come forward with no *evidence* to support their claims that Versai was comparatively negligent under M.C.L. § 440.3406:

> . . .[T]he defendants did not oppose plaintiffs' motion with a single affidavit, pleading, deposition or any other admissible evidence that would tend to show that Versai substantially contibuted to an alteration of the instruments or to the making of the forgeries. They did not come forward with any evidence to support this defense, because no evidence exists. In this case, the Plaintiff did not issue the instrument and did not set it afloat. Plaintiff had no knowledge the instrument even existed, and did not have the ability to exercise any control over the instrument. Instead, as clearly set out in the affidavits which were submitted in support of this motion, the Plaintiff's President was never informed that the instruments were issued, until sometime in July of 2008.

[Pl.'s Reply, Doc. No. 40, p.3]. The Court agrees. Under M.C.L. § 440.3406(3), "the burden of proving failure to exercise ordinary care is on the person asserting the preclusion," in this case, the Defendants. The Defendants' failure to come forward with any evidence supporting the existence of a genuine issue of material fact in this matter is fatal to their purported defense under M.C.L. § 440.3406.

II. <u>Versai's Alleged Comparative Negligence Under M.C.L. § 440.3405</u>.

The Defendants argue - on the facts of this case - that § 440.3405 requires this Court to

7

apportion fault between the negligence of the Defendants *and the negligence of Versai*. [*See* Def.'s Br., Doc. No. 39, p.2]. The Court disagrees.

Section 440.3405 of Michigan's Compiled Laws states as follows, in pertinent part:

> For the purpose of determining the rights and liabilities of a person who, in good faith, pays an instrument or takes it for value or collection, if an employer entrusted an employee² with *responsibility* with respect to the instrument and the employee. . . makes a fraudulent endorsement of the instrument, the endorsement is effective as the endorsement of the person to whom the instrument is payable.

M.C.L. § 440.3405(2) (emphasis added).

M.C.L. § 440.3405 only applies in this matter if Mr. Carrier was given "responsibility" over the Clarendon and One Beacon Checks by Versai. The statute defines "responsibility" as follows:

> (c) "Responsibilty" with respect to instruments means authority (i) to sign or endorse instruments on behalf of the employer, (ii) to process instruments received by the employer for bookkeeping purposes, for deposit to an account, or for other disposition, (iii) to prepare or process instruments for issue in the name of the employer, (iv) to supply information determining the names of addresses of payees of instruments to be issued in the name of the employer, (iv) to control the disposition of instruments to be issued in the name of the employer, or (v) to act otherwise with respect to instruments in a responsible capacity. "Responsibility" *does not include authority that merely allows an employee to have access to instruments* or blank or incomplete instrument forms that are being stored or transported or are part of incoming or outgoing mail, or similar access.

M.C.L. § 440.3405(c) (emphasis added).

Versai argues that § 440.3405 is inapplicable to the facts of this case, as neither Recovery Management nor Mr. Carrier were given "responsibility" over either the Clarendon or One Beacon Checks:

---

² Under M.C.L. § 440.3405(1)(a), "employee" includes independent contractors such as Recovery Management in this case.

> 3-405(c)(1) does not apply in this case because neither [Mr.] Carrier nor Recovery Management had the authority to endorse instruments on behalf of Versai. This is clearly stated in Exhibit B of Plaintiff's opposition. At paragraph 10 of her affidavit, Melanie Meyer stated: "I did not authorize anyone to endorse either check." Subparagraph (ii) clearly has no application to the facts of this case. There is nothing in the record or in the defendants' opposition to establish that [Mr.] Carrier had no authority to process instruments, received by the employer for bookkeeping purposes, deposit checks into an account, or for other disposition. Subparagraphs (iii) or (iv) also have no application to the facts of this case.

[Pl.'s Reply, Doc. No. 40, p.5]. The Court agrees. The Defendants' failure to come forward with any evidence tending to prove Mr. Carrier had "responsibility" over the Clarendon and One Beacon Checks is fatal to their purported defense under M.C.L. § 440.3405.

II. <u>Versai's Interest in the Clarendon and One Beacon Checks</u>.

Finally, pursuant to M.C.L. § 440.3420, the Defendants argue that Versai "cannot recovery any portion of the checks belonging to Recovery Management or any portion of those checks to which it was not entitled." [Def.'s Br., Doc. No. 39, p.3]. Section 440.3420 presumes liability on behalf of a defendant as "the amount payable on the instrument, *but recovery may not exceed the amount of plaintiff's interest in the instrument*." M.C.L. § 440.3420(2) (emphasis added). Thus, argue the Defendants, *if* Versai still owes money to Recovery Management, Versai is not entitled to the full amount on the Clarendon and One Beacon Checks, therefore lowering the Defendants' liability in this matter.

As Versai argues, however, the Defendants have failed to come forward with any admissible evidence suggesting that Versai is not entitled to the entirety of the Clarendon and One Beacon Checks:

> According to the defendants, an issue of material fact exists because Mark Carrier claims that he is owed the money that he embezzled. The defendants made this statement and, have opposed this motion for summary judgment with nothing

9

more than their imaginations. Mark Carrier has not given them an affidavit asserting that the money he embezzled was his.

[Pl.'s Reply, Doc. No. 40, p.7]. Versai further argues as follows:

The defendants cannot merely assert plaintiff's interest in the two checks **might** be limited or that evidence to this effect **may** exist. Defendants have had full opportunity to conduct discovery in this matter. They chose to take no depositions, nor did they even make an attempt to obtain a deposition from Mark Carrier.

*Id*. at 8 (emphasis in original). The Court agrees. Indeed, Versai has brought forth evidence supporting their argument that Mr. Carrier had *no interest in these funds*. [*See* Meyer Affidavit, Pl.'s Ex. A, Doc. No. 29]. The Defendants' failure to come forward with any evidence tending to prove Mr. Carrier's interest in either the Clarendon or One Beacon Checks is fatal to their purported defense under M.C.L. § 440.3420.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** Versai's motion for summary judgment [Doc. No. 29]. Plaintiff is **ORDERED** to submit a proposed judgment for entry by the Court.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 5, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on

April 5, 2010, by electronic and/or ordinary mail.

>	S/Jennifer Hernandez
>	Case Manager