UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Versai Management Corporation d/b/a
Versailles Arms Apartments,

    Plaintiff,

v.                                                      Case No. 08-15129

Citizens First Bank, *et al.*,                  Honorable Sean F. Cox

    Defendants.
_____/

**OPINION & ORDER
GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF,
GRANTING IN PART AND DENYING IN PART
"MOTION TO SUBSTITUTE PARTY AND STAY PROCEEDINGS,"
GRANTING IN PART AND DENYING IN PART
MOTION FOR ENTRY OF JUDGMENT, AND
GRANTING MOTION FOR DEFAULT JUDGMENT AS TO THIRD-PARTY CLAIM**

       This matter is currently before the Court on: 1) Defendants' "Motion to Substitute Party and Stay Proceedings" (Docket Entry No. 48); 2) Plaintiff's "Motion to File Supplemental Memorandum in Opposition to Defendants' Motion for a Stay (Docket Entry No. 53); 3) Plaintiff's Motion for Entry of Judgment (Docket Entry No. 43) and Defendants' objections thereto; and 4) Defendant/Third-Party Plaintiff Citizens' Motion for Default Judgment.

       As explained below, the Court shall grant Plaintiff's Motion for leave to file a supplemental memorandum.

       Defendants Motion to Substitute Party and Stay Proceedings shall be granted in part and denied in part. The motion shall be granted to the extent that the FDIC Receiver shall be substituted for Defendant / Third-Party Plaintiff Citizens in this action. The motion shall be

1

denied as moot to the extent that the motion seeks a stay of proceedings for a 90-day period following appointment of the receiver because, although a written stay order was not issued, the receiver actually received the benefit of the 90-day stay it requested. The motion is denied as without merit to the extent that it seeks a stay of proceedings beyond the initial 90 days after appointment of the receiver.

Plaintiff's Motion for Entry of Judgment shall be granted in part and denied in part. The motion shall be granted to the extent that the Court rules that Plaintiff is not entitled to an award of attorney fees. The motion shall be granted to the extent that the Court rules that Plaintiff is entitled to both pre-filing and post-filing interest, as set forth in this Opinion & Order.

Defendant/Third-Party Plaintiff Citizens/FDIC Receiver's Motion for Default Judgment, seeking a default judgment on its third-party claim against Recovery, shall be granted.

## BACKGROUND

Plaintiff Versai Management Corporation d/b/a Versailles Arms Apartments ("Versai" or "Plaintiff") is a Louisiana corporation which, prior to August 29, 2005, operated an apartment complex called the Versailles Arms Apartments in New Orleans, Louisiana. The apartment complex sustained significant damage from Hurricane Katrina. The complex was insured for more than 13 million dollars and the coverage was provided by two insurers: 1) Claredon Insurance Company ("Claredon"); and 2) One Beacon Insurance Company ("Beacon").

Versai hired Recovery Management, Ltd. ("Recovery") to represent Versai in insurance claim proceedings. On or about October 16, 2006, Versai paid Recovery a total of $211,100.00 for its services, representing payment in full under their agreement.

Clarendon and One Beacon hired an insurance adjuster of their own - McLarens Young

2

International ("McLarens Young") to work on the matter on their behalf.

On December 6, 2007, Clarendon issued a check in the amount of $255,498.00, drawn on an account with Chase Manhattan Bank ("the Clarendon Check"), made payable to Versai, First Trust Bank and Fannie Mae, and Recovery. McLarens Young forwarded the Clarendon Check directly to Recovery on December 11, 2007.

On December 14, 2007, Mark Carrier ("Carrier"), the owner of Recovery, presented the Clarendon Check for deposit with Citizens First Bank ("Citizens First") into an account solely in the name of Recovery. The Defendants admit that the hand-written endorsements on the Clarendon Check for Versai, First Trust Bank and Fannie Mae were forged - presumably by Mr. Carrier.

On December 17, 2007, One Beacon issued a check in the amount of $255,498.00, drawn on an account with Bank of America ("the One Beacon Check"), made payable to Versai, First Trust Bank and Fannie Mae, and Recovery. McLarens Young forwarded the One Beacon Check directly to Recovery on December 20, 2007.

On or about January 7, 2008, Mr. Carrier presented the One Beacon Check for deposit with Citizens First into an account solely in the name of Recovery. The Defendants admit that, as with the Clerendon Check, the hand-written endorsements on the One Beacon Check for Versai, First Trust Bank and Fannie Mae were forged.

Despite making a demand for payment on Chase Manhattan Bank, Bank of America, and Citizens First for repayment of funds due to Citizens First's acceptance of the forged endorsements on the Clarendon and One Beacon Checks, Versai has not been able to receive the proceeds of those instruments from any source.

Thus, Versai filed this action against the following Defendants on December 12, 2008: 1) Bank of America ("BOA"); 2) Chase Manhattan Bank ("Chase"); and 3) Citizens First Bank ("Citizens"). Versai's Complaint asserts the following counts: "Payment of Checks Over Fraudulent Endorsement" (Count I); "Conversion of Instruments by Citizens First Bank Pursuant to M.C.L.A. § 440.3420" (Count II); "Improper Payment by Chase Manhattan Bank and Bank of America Over Fraudulent Endorsement" (Count III); and "Negligent Conversion" (Count IV).

On January 16, 2009, Citizens filed a Third-Party Complaint against Recovery, asserting that "[i]n the event that Plaintiff establishes that the checks in question contained forged endorsements and/or establishes that Recovery was not entitled to the proceeds of these two checks, Recovery breached its statutory transfer warranty to [Citizens] set forth at MCL 440.3416" and seeking "a judgment in its favor and against Recovery in an amount equal to the amount, if any, awarded to Plaintiff against [Citizens] in connection with the principal claim, together with costs and actual attorney fees pursuant to MCL 440.3416(b)." (Docket Entry No. 5).

On December 10, 2009, Versai filed a Motion for Summary Judgment (Docket Entry No. 29), arguing that Citizens, Chase and BOA are liable for the face value of the forged Clarendon and One Beacon Checks. In an Opinion & Order issued on April 5, 2010, this Court granted Versai's motion. (Docket Entry No. 42). The Opinion & Order directed the parties to submit a proposed judgment for entry by the Court. (*Id*. at 10).

Thereafter, on April 28, 2010, Versai submitted a proposed judgment and Defendants then submitted a brief in opposition to the requested judgment.

On April 28, 2010, Citizens filed a Motion for Entry of Default Judgment, seeking a

default judgment on its third-party claim against Recovery. (Docket Entry No. 45). Specifically, Citizens requested "a judgment in favor of [Citizens] and against Recovery Management in the amount of the judgment awarded against Defendants in this matter." Citizens had already obtained a Clerk's Entry Of Default (Docket Entry No. 9) on March 11, 2010. No response opposing the motion was filed. The motion was set for hearing on June 10, 2010.

On May 10, 2010, however, Defendants filed a "Motion to Substitute Party and Stay Proceedings" (Docket Entry No. 48). That motion states that Citizens became known as CF Bancorp and that on April 30, 2010, the FDIC was appointed receiver of CF Bancorp. This motion asks the Court to: 1) substitute the FDIC for Citizens in this matter; and 2) stay all proceedings in this case for 90 days. Plaintiff did not file a brief in opposition to this motion, and Plaintiff's counsel indicated, via an e-mail to this Court's Docket Manager, that Plaintiff did not oppose the requested 90-day stay.

After Defendants' Motion to Stay was filed, this Court deliberately took no action in this case for a period 90 days because it was under the mistaken impression that the 90-day stay requested by the FDIC Receiver was self-executing, like the Bankruptcy Code's automatic stay provision, and that a written stay order was unnecessary.

On August 12, 2010, Plaintiff filed a "Memorandum in Opposition to Defendants' Motion for Stay" (Docket Entry No. 51), wherein Plaintiff noted that the FDIC filed its motion seeking a stay on May 10, 2010, and that while no stay order had been entered, more than 90 days had passed since the FDIC was appointed as receiver of Citizens. Plaintiff asserts that the Court should deny the motion for stay because the statute at issue does not authorize a stay beyond 90 days, and that the Court should proceed with this case and issue the judgment in this

action.

On August 16, 2010, Defendants filed a Reply Brief (Docket Entry No. 52), wherein they assert that: 1) the FDIC promptly filed its Motion for Substitution and Stay after it was appointed receiver; 2) the Court has not ruled on the motion; and 3) "[u]ntil this Court acts upon Defendants' motion, the FDIC as Receiver is not a party to this lawsuit and the stay to which the FDIC is entitled cannot begin to run."

On August 17, 2010, Plaintiff filed a "Motion to File Supplemental Memorandum in Opposition to Defendants' Motion For A Stay." (Docket Entry No. 53). In the brief, that Plaintiff seeks leave to file, Plaintiff asserts that although no order was ever entered by the Court, "a *de facto* stay resulted." Plaintiff further asserts that this Court does not have the authority to enter a stay beyond the 90-day post-appointment period.

ANALYSIS

A. <u>Defendants' "Motion To Substitute Party And Stay Proceedings" Shall Be Granted In Part And Denied In Part.</u>

In the May 10, 2010 "Motion to Substitute Party and Stay Proceedings" (Docket Entry No. 48), Defense Counsel asks this Court to: 1) substitute the FDIC for Citizens in this matter; and 2) stay all proceedings in this case for 90 days

    1. <u>The FDIC Receiver Shall Be Substituted For Citizens In This Action.</u>

Federal Rule of Civil Procedure 25 permits the substitution of a party in an action where there has been a transfer of interest.

It is undisputed that Citizens became known as CF Bancorp. On April 30, 2010, CF Bancorp was found to be in an unsafe and unsound condition and the FDIC was appointed as

6

receiver pursuant to 12 U.S.C. § 1821.  When the FDIC is appointed as receiver, it "steps into the shoes" of the failed financial institution.  *O'Melveny & Myers v. FDIC*, 512 U.S. 79, 86 (1994); *see also* 12 U.S.C. § 1821(d)(2)(A)(I).  Thus, the FDIC has requested that this Court "substitute the FDIC for Citizens First Saving Bank in this matter."  (Docket Entry No. 48 at 3).

Plaintiff does not oppose the substitution, but as stated below, does oppose any stay of this action beyond August 10, 2010.  The Court shall grant the requested substitution.

2. <u>The Motion For Stay Shall Be Denied Because The Receiver Has Already Had The Benefit Of The 90-Day Stay It Requested And No Further Stay Is Authorized.</u>

The FDIC was appointed receiver of Citizens on April 30, 2010.  Thereafter, on May 7, 2010, the FDIC instructed Defense Counsel in this action to seek a 90-day stay.  Defense Counsel then filed a formal motion seeking a 90-day stay on behalf of the FDIC on May 10, 2010.

This Court had already granted summary judgment in favor of Plaintiff, and was in the process of analyzing the parties' respective positions regarding a final judgment, when the Motion to Stay was filed.  Upon receipt of the Motion to Stay, this Court deliberately took no action in this case for a period 90 days because it was under the mistaken impression that the 90-day stay requested by the FDIC was self-executing, like the Bankruptcy Code's automatic stay provision (*see* 11 U.S.C. § 362(a)(1)), and that a written stay order was unnecessary.

After 90-days had passed, Plaintiff filed a submission asking this Court to proceed with the case now that the 90-day period has passed.

In response, Defendants take the position that because this Court did not issue a written order allowing substitution and granting the stay, that the Court must now grant a 90-day stay

7

that will only commence upon issuance of a written order granting substitution:

> Until this Court acts upon Defendants' motion, the FDIC as Receiver is not a party to this lawsuit and the stay to which the FDIC is entitled cannot begin to run.

(Docket Entry No. 52 at 2). The Court disagrees.

The relevant portion of the statute, which allows a receiver to request a stay in an action that was already pending at the time the receiver was appointed, provides as follows:

> (12) Suspension of legal actions
>     (A) In general
>     After the appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed –
>         (I) 45 days, in the case of any conservator; and
>         (ii) 90 days, in the case of any receiver,
>         in any judicial action or proceeding to which such institution is or becomes a party.
>     (B) Grant of stay by all courts required
>     Upon receipt of a request by any conservator or receiver pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties.

12 U.S.C. § 1821(d)(12).

Under the above provision, once a receiver is appointed, the receiver may request a stay in any legal action pending against the failed financial institution. The above provision does not require the receiver to be formally substituted for the insured depository institution in a pre-existing action before it can request a stay.

The Court also rejects Defense Counsel's position that the Court should stay this action for an additional 90 days.

While it does not appear that the Sixth Circuit has addressed the issue, the Third Circuit

has held that 12 U.S.C. § 1821(d)(12), when interpreted in light of its purpose and legislative history,[1] limits the right of a receiver of a failed [financial institution] to stay a judicial action to the initial 90 days after its appointment. If the receiver requests a stay within 90 days of its appointment, it is automatically entitled to such a stay under section 1821(d)(12), but the stay expires no later than 90 days after the appointment." *Praxis Properties, Inc. v. Colonial Savings Bank*, 947 F.2d 49, 71 (3d Cir. 1991).

As explained *supra*, upon receipt of the Motion to Stay, this Court deliberately took no action in this case for a period 90 days because it was under the mistaken impression that the 90-day stay requested by the FDIC Receiver was self-executing and that a written stay order was unnecessary. Thus, as a practical matter, the FDIC Receiver actually received the benefit of the 90-day stay that it had requested. Accordingly, the purpose of the stay provision in §1821(d)(12) – to give a newly appointed receiver some "breathing room" to review a pending action and determine how to proceed – has been accomplished.

In sum, although a written stay order was not issued, the FDIC Receiver actually received the benefit of the 90-day stay it sought and the Court does not believe that it has the authority[2] to issue a stay beyond the initial 90-day period after appointment of the receiver. Thus, to the extent that the FDIC Receiver seeks a stay beyond the initial 90-day period after appointment of

---

[1]The purpose of the of the stay provision in § 1821(d)(12) is to provide an appointed receiver some breathing room immediately following its appointment. The stay gives the receiver a chance to analyze pending matters and decide how best to proceed. *Praxis,* 947 F.2d at 68.

[2]In addition, even if this Court had the authority to impose a stay beyond 90 days of the receiver's appointment, the Court would not exercise such discretion under the facts presented in this case.

9

the receiver, the motion is DENIED.

The Court will therefore proceed with the matters that were pending when the stay was requested.

B.   Because These Issues Are In Dispute, The Court Must Determine The Appropriate Amount Of Interest To Be Awarded, And Whether Attorney Fees Are Recoverable, And Then Issue An Appropriate Judgment In Favor Of Plaintiff And Against Defendants.

On April 22, 2010, Versai submitted its motion seeking entry of judgment (Docket Entry No. 43), wherein Versai seeks a judgment that includes: 1) $510,996.00 (the amount of the two forged checks); 2) interest in the amount of $48,922.19, pursuant to M.C.L. § 600.6013(8); and 3) attorney fees of $57,082.23, pursuant to M.C.L. § 600.2919a.

In response, Defendants filed a brief asserting that: 1) Versai has incorrectly calculated the interest; and 2) Plaintiff is not entitled to attorney fees. (Docket Entry No. 44).

1.   Attorney Fees:

Versai's proposed judgment includes $57,082.23 in attorney fees, pursuant to M.C.L. § 600.2919a. As Defendants note, however, this Court's April 5, 2010 Opinion & Order did not award attorney fees to Versai. Moreover, neither Versai's complaint nor its Motion for Summary Judgment were based on M.C.L. § 600.2919a. Rather, Versai's complaint and Motion for Summary Judgment were based on M.C.L. § 440.3420. Unlike M.C.L. § 600.2919a, M.C.L. § 440.3420 does not provide for attorney fees. Accordingly, the Court concludes that Versai has not established that it is entitled to attorney fees.

2.   Interest:

Defendants do not dispute that Versai is entitled to post-filing interest, pursuant to

M.C.L. § 600.6013(8). Defendants question, however, whether Versai should be awarded pre-filing interest.

As Defendants acknowledge, pre-filing interest is "discretionary both as to its award and its amount." (Docket Entry No. 44 at 2). This Court has already considered the issue of pre-filing interest and concluded that Versai is "entitled to pre-filing interest on the money converted." (4/5/10 Opinion & Order at 6). The Court concludes that pre-filing interest is necessary here to allow full compensation to Versai.

As to such pre-filing interest, Defendants contend that: 1) pre-filing interest should begin to accrue on the dates the checks were presented for deposit; and 2) the rate should be no greater than the analogous post-filing rate less 1%. (*See* Docket Entry No. 44).

The Court is persuaded by Defendants' arguments and concludes that Versai is entitled to: 1) post-filing interest, pursuant to M.C.L. § 600.6013(8); and 2) pre-filing interest at the analogous post-filing rate, less 1%, to accrue from the dates the two checks were presented for deposit (December 14, 2007 and January 7, 2008).

Given these rulings, the Court directs counsel to meet and confer and present this Court with a final proposed judgment within seven days of the date of this Opinion & Order. If the parties cannot agree on the final judgment within seven days, the Court shall hold a mandatory status conference in this matter on September 30, 2010, at 2:30 p.m., and client representatives shall be required to attend in person.

C.  <u>After Issuing Plaintiff's Judgment, The Court Shall Issue A Default Judgment In Favor Of Citizens/FDIC Receiver And Against Recovery In That Same Amount.</u>

On April 28, 2010, Citizens filed a Motion for Entry of Default Judgment, seeking a default judgment on its third-party claim against Recovery. (Docket Entry No. 45). Specifically,

Citizens requests "a judgment in favor of [Citizens] and against Recovery Management in the amount of the judgment awarded against Defendants in this matter."

Federal Rule of Civil Procedure 54(cc) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Citizens' third-party complaint against Recovery sought "a judgment in its favor and against Recovery in an amount equal to the amount, if any, awarded to Plaintiff against [Citizens] in connection with the principal claim, together with costs and actual attorney fees pursuant to MCL 440.3416(b)." (Docket Entry No. 5). Thus, Citizens' Motion for Default Judgment requests that same relief sought in the third-party complaint and Citizens properly obtained a Clerk's Entry of Default as to its third-party claim against Recovery on March 11, 2010. (Docket Entry No. 9).

Because no judgment had been issued against Defendants at the time this motion was filed, however, the Court could not issue the requested default judgment against Recovery. Once the final judgment in favor of Plaintiff and against Defendants is issued, the default judgment sought by Citizens/FDIC Receiver shall be issued.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's "Motion to File Supplemental Memorandum in Opposition to Defendants' Motion For A Stay" (Docket Entry No. 53) is GRANTED.

IT IS FURTHER ORDERED that Defendants' "Motion to Substitute Party and Stay Proceedings" (Docket Entry No. 48) is GRANTED IN PART AND DENIED IN PART:

1) The motion is GRANTED to the extent that the FDIC shall be substituted for Defendant / Third-Party Plaintiff Citizens First Saving Bank in this action.

2) The motion is DENIED AS MOOT to the extent that the motion requests a stay of proceedings for a 90-day period following appointment of the receiver because, although a written stay order was not issued, the Receiver actually received the benefit of the 90-day stay it had requested.

3) The motion is DENIED AS WITHOUT MERIT to the extent that it seeks a stay of proceedings beyond the initial 90 days after appointment of the receiver.

IT IS FURTHER ORDERED that Plaintiff's Motion for Entry of Judgment (Docket Entry No. 43) is GRANTED IN PART AND DENIED IN PART. The motion is DENIED to the extent that the Court concludes that Versai is not entitled to attorney fees. The Motion is GRANTED to the extent that the Court rules that Versai is entitled to both pre-filing and post-filing interest, as set forth in this Opinion & Order. Given the rulings set forth in this Opinion, the Court ORDERS counsel to meet and confer in order to present this Court with an agreed upon final judgment within seven days of the date of this Opinion & Order. If the parties cannot agree on the final judgment within seven days, the parties ARE ORDERED TO APPEAR for a mandatory status conference in this matter on **September 30, 2010, at 2:30 p.m.,** and client representatives shall attend in person.

IT IS FURTHER ORDERED that Citizens'/FDIC Receiver's Motion for Default Judgment (Docket Entry No. 45), seeking a default judgment on its third-party claim against Recovery, is GRANTED. An appropriate default judgment shall be issued following entry of the

judgment in favor of Versai and against Defendants.

      IT IS SO ORDERED.

                                      S/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated: September 21, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2010, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager